13-3651
United States v. Allen

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand fourteen.

PRESENT:    PIERRE N. LEVAL,
            DENNY CHIN,
            SUSAN L. CARNEY,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    Appellee,

            v.                                          13-3651-cr

KEVIN ALLEN, JR.,
                    Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                        Stephan J. Baczynski, Assistant United States
                                     Attorney, for William J. Hochul, Jr., United

States Attorney for the Western District of New York, Buffalo, New York.

FOR DEFENDANT-APPELLANT:    Malvina Nathanson, Law Offices of Malvina Nathanson, New York, New York.

Appeal from the United States District Court for the Western District of New York (Arcara, J.).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Defendant-appellant Kevin Allen, Jr. appeals from a judgment entered on September 17, 2013, in the United States District Court for the Western District of New York sentencing him to 24 months of imprisonment following his guilty plea to violating the conditions of his supervised release. On appeal, Allen argues that his guilty plea should be vacated because his attorney purportedly misled him regarding whether his state sentence and federal sentence would run concurrently. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On July 28, 2011, Kevin Allen was stopped by the police for driving in a stolen car. Allen tried to flee, got into a struggle with an officer, and eventually sprayed the officer with the officer's own pepper spray in an attempt to avoid arrest. He was charged in state court with assault in the second degree in violation of New York Penal Law § 120.05-03, and in March 2013 pled guilty to a related charge based on the same

incident, see N.Y. Pen. Law § 195.08. At the time of the incident, he was on supervised release in the federal system following a conviction for possession with the intent to distribute and distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). On July 18, 2013, while awaiting sentencing on the state charge, Allen pled guilty to the violation of supervised release in the district court. On September 11, 2013, the district court sentenced Allen for the supervised release violation to two years' imprisonment and three additional years of supervised release. The district court was advised that Allen would be sentenced in state court the next day, with the sentence to run concurrently with the federal sentence. The next day, Allen was in fact sentenced to a sentence of two to four years, "concurrent to federal sentence." The State, however, did not transfer Allen back to federal custody until January 22, 2014, after the state sentence had run. Hence, the federal sentence did not begin to run until then.

Allen argues he was deprived of his right to effective assistance of counsel in connection with his plea bargain, rendering his guilty plea invalid. According to Allen, his attorney misled him into believing his state sentence would be concurrent with his federal sentence, meaning that his federal time would be credited against the state time that remained to be served beyond the period he already had spent in pre-trial detention. He would have received such credit, shortening his total incarceration, if he had been allowed to serve his federal time prior to the balance of his state sentence. Instead, however, Allen remained in state custody and was not transferred to federal

custody until after he was paroled from his state sentence. Allen contends that he pled guilty based on his attorney's representations that Allen would receive the benefit of concurrent sentences, but in fact, his attorney failed to secure that benefit for him.

We are unable to judge Allen's claim of ineffective assistance on the current factual record. We therefore affirm the judgment of the district court without prejudice to Allen renewing his claim in a habeas petition. Because Allen's federal imprisonment might conceivably end before habeas proceedings could be completed, we also note the government's suggestion that Allen "petition the Bureau of Prisons to credit his federal sentence for the period he spent in State custody after being finally sentenced on the State charge." Appellee Br. at 10.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-4-